ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONAILE ELIANOR,                                                                                  15 CV 1917 (MKB)(VVP)

       Plaintiff,          AMENDED
                  COMPLAINT AND
  -against-               JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
JONATHAN BULZOMI, SERGEANT TIMOTHY
CECCHINI and POLICE OFFICER JOHN DIAZ,

       Defendants.
------------------------------------------------------------------------X

  Plaintiff, RONAILE ELIANOR, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

  1. This is an action for the wrongful acts of Defendants The CITY OF NEW YORK, POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

  2. Plaintiff, RONAILE ELIANOR, alleges that beginning on or about March 18, 2015, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, wrongfully searching the Plaintiff, maliciously prosecuting Plaintiff and negligence in the hiring and retaining of incompetent and unfit officers,

negligence in the training, instruction and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims and pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. Defendant POLICE OFFICER JONATHAN BULZOMI, was at all times relevant to this action, a police officer employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, Defendant POLICE OFFICER

JONATHAN BULZOMI was assigned to the 75th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. Defendant SERGEANT TIMOTHY CECCHINI, was at all times relevant to this action, a police officer employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, SERGEANT TIMOTHY CECCHINI was assigned to the 75th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. Defendant POLICE OFFICER JOHN DIAZ, was at all times relevant to this action, a police officer employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICER JOHN DIAZ was assigned to the 75th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, Defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

14. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER

JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ.

15. At all times relevant hereto, Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

16. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, abusive and other unlawful propensities of the officers involved in the violation of civil rights, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

17. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

18. At all times relevant to this action, Plaintiff RONAILE ELIANOR resided in the County of Kings State of New York

19. On or about March 18, 2015 at approximately 1:00 p.m., Plaintiff was in the passenger seat of an automobile, which was driving through the East New York section of Brooklyn, New York.

20. That Plaintiff has been picked up by the automobile at Kings County Hospital and was being transported to a pharmacy.

21. Immediately prior to the pick up, Plaintiff had been admitted to Kings County Hospital for an epileptic seizure.

22. That the automobile was being operated by the Plaintiff's friend, namely: Bijan Boddie.

23. Additionally, Plaintiff's friend Michael Gaskin was present in the automobile.

24. That Defendants POLICE OFFICERS followed the vehicle and instructed Bijan Boddie to pull over.

25. That Defendants POLICE OFFICERS walked up to the automobile and instructed Bijan Boddie to roll down his window.

26. That Defendant POLICE OFFICERS advised the Plaintiff and his friends that they were pulled over because the Defendant observed smoke coming out of the windows.

27. That Defendant Defendant POLICE OFFICERS instructed the Plaintiff and his friends to get out of the automobile.

28. That Defendants POLICE OFFICER JONATHAN BULZOMI and POLICE OFFICER "JOHN DOE 3" then arrived at the scene of the pulled over automobile.

29. The Defendants conducted a search of the automobile. No contraband or illegal substances were recovered from the vehicle.

30. Defendant POLICE OFFICER JONATHAN BULZOMI then conducted a search of the Plaintiff's back pack, which was located in the vehicle. No contraband or illegal substances were recovered from the vehicle.

31. Defendant POLICE OFFICER JONATHAN BULZOMI conducted a search of the Plaintiff and removed scissors, medication and money from the Plaintiff's person.

32. At Defendant POLICE OFFICER JONATHAN BULZOMI's request, Plaintiff advised the Defendant that he had the scissors and the money because he is a barber.

33. The Plaintiff further advised Defendant JONATHAN BULZOMI that the medications were Aptiom and Levertiracetam, which the Plaintiff is prescribed to treat epilepsy.

34. That the Plaintiff showed his Kings County Hospital wristband to the Defendant POLICE OFFICERS and advised them that his medical records were in his backpack.

35. Defendant POLICE OFFICER JONATHAN BULZOMI then place handcuffs on the Plaintiff and transported him the 75th Precinct. Despite the Plaintiff's request, Defendant POLICE OFFICER JONATHAN BULZOMI did not advise the Plaintiff why he was arrested.

36. The Plaintiff was searched again at the 75th Precinct. No contraband or illegal substances were recovered from the Plaintiff's person.

37. Defendant POLICE OFFICER JONATHAN BULZOMI advised the Plaintiff he was being arrested for having a counterfeit $20.00 bill.

38. The Plaintiff was then fingerprinted and placed in a holding cell in the 75th Precinct.

39. The Plaintiff advised the Defendant POLICE OFFICERS that he needed to take his medication, which was in his backpack.

40. That Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT BULZOMI and POLICE OFFICER JOHN DIAZ refused to provide the Plaintiff with his medication.

41. At approximately 10:00 p.m. on March 18, 2015, the Plaintiff had an epileptic seizure in a holding cell located at the 75th Precinct.

42. The Plaintiff was transported to the emergency room at Brookdale Hospital and was administered medication.

43. The Plaintiff was discharged from Brookdale Hospital and relocated to the 75th Precinct.

44. In the morning of March 19, 2015, the Plaintiff once again requested that he be provided with his medication. The request was denied.

45. On March 19, 2015, between the times of 6:00 A.M. and 1:00 P.M., the Plaintiff had a second epileptic seizure while in the Defendants custody.

46. On March 19, 2015, the Plaintiff was transported to Brookdale Hospital and was treated in the emergency room.

47. The Plaintiff was then transported to central booking.

48. On March 19, 2015 at approximately 3:00 P.M., the Kings County District Attorney's Office declined prosecution and the Plaintiff was released from central booking.

49. As a result of the Defendants conduct, the Plaintiff was imprisoned for approximately 24 hours.

50. That Plaintiff suffered injuries as a result of the two seizures while being in the Defendants custody.

51. As a direct and proximate result of the action of the Defendants, Plaintiff RONAILE ELIANOR suffered severe emotional distress.

52. As a direct and proximate result of the actions of Defendants, Plaintiff RONAILE ELIANOR was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for twenty-four hours.

53. Defendants acted with malice in arresting Plaintiff RONAILE ELIANOR on false charges and causing the Plaintiff to be prosecuted on charges the Defendants know to be false.

54. Defendants brought charges against Plaintiff RONAILE ELIANOR and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

55. To date, as a direct and proximate result of Defendants actions, Plaintiff RONAILE ELIANOR has suffered the loss of his liberty, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

56. As a direct and proximate result of Defendants actions, Plaintiff RONAILE ELIANOR was arrested and detained for a time amounting to a period lasting approximately twenty-four hours for criminal charges without just cause.

57. As a direct and proximate cause of Defendants actions, Plaintiff RONAILE ELIANOR was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

58.     Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the Defendant Police Officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the Defendant Officers in this case to engage in the unlawful conduct described above.

59.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the Defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing Police Officers, including Defendants in this case, to engage in the unlawful conduct described above.

60.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties.

61.     Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to March 18, 2015, the perpetration of unlawful arrests, the commission of perjury and other malicious and inappropriate unlawful acts by Defendant officers were occurring, in that it believed that there may have been complaints of such unlawful

conduct by these particular officers, but Defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST,
MALICIOUS PROSECUTION AND FALSE IMPRISONMENT
(POLICE OFFICER JONATHAN BULZOMI,
SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ)

62. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 of this complaint as though fully set forth therein.

63. The actions of Defendant POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment, denial of his medication, and the intentional and/or negligent infliction of emotional distress.

64. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

65. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise

harmed, damaged and injured.

### SECOND CLAIM: DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS PURSUANT TO 42 U.S.C. § 1983 (POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ)

66.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-65 of this complaint as though fully set forth therein.

67.     Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ, with deliberate indifference to, and with reckless disregard for the life and safety of the Plaintiff, failed to the Plaintiff's repeated requests to receive proper medical treatment and medication. Defendants refused to allow the Plaintiff to obtain proper medical treatment while being actually aware of, and with deliberate indifference to, the fact that there was a substantial risk that serious harm to or the death of the Plaintiff would result.

68.     The conduct of Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ, if failing to attend to the Plaintiff's medical needs, was intentionally injurious, reckless, callous, and/or grossly negligent, because Defendants were aware of, or should have been aware of, the Plaintiff's serious medical needs and serious medical condition. The Plaintiff repeatedly informed Defendants that he suffered from epileptic seizures and needed medication, but the Defendants deliberately, willfully and recklessly refused to allow the Plaintiff to get administration of his medication.

69.     Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ either knew or should have known

that failure to provide timely medical treatment to the Plaintiff could result in significant injury or the unnecessary and wanton infliction of pain. Nonetheless, Defendants disregarded that serious medical need, causing the Plaintiff great bodily harm and pain and suffering, requiring hospitalization.

70. As a result of the foregoing, Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ, acting under the color of law, violated 42 U.S.C. § 1983 *et seq.* and deprived the Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Eighth, Fourth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the law and Constitution of the United States.

71. As a result the Plaintiff suffered extreme pain and severe physical and psychological injuries, ultimately leading to his hospitalization.

72. As a result of the foregoing, Plaintiff demands monetary damages against Defendants POLICE OFFICER JONATHAN BULZOMI, SERGEANT TIMOTHY CECCHINI and POLICE OFFICER JOHN DIAZ and further seeks punitive damages against the Defendants in an amount to be determined by jury.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

73. Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of this complaint and though fully set forth therein.

74. At all times material to this complaint, Defendant CITY OF NEW YORK, acting

through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

75. Upon information and belief, Defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the Defendant Officers, sergeant and employees herein, for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to be in a position to falsely arrest, maliciously prosecute without cause or justification, and to have a deliberate indifference to serious medical conditions that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

76. In 1999, Kenneth Almos, Jon E. Jordan and Charles Stimson were detained for non-violent violations at a protest. The men were infected with HIV and were denied their medication while being held in custody causing severe emotional distress.

77. In addition to settling with each of the plaintiff's in that action, the New York Police Department made a statement that the department was already modifying its policies on access to medication for inmates as part of a settlement from a 1992 case that made a similar

claim.

78. In 2014, Richard Gonzalez, Jr., an infant, by his mother and natural guardian, Divian Ramos made a claim against the City of New York and individual police officers for denying him access to his insulin to treat his diabetic condition.

79. Richard Gonzalez, Jr. was arrested in a shooting of another teen because he and the actual assailant shared the same nickname. Gonzalez's charges were eventually dropped and the City of New York settled the civil matter.

80. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

81. The acts of Defendant CITY OF NEW YORK as set forth above in paragraphs 1-80 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false

arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

81. By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

82. As a result of the foregoing, Plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint and though fully set forth therein.

84. Defendants, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

85. The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including

the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not commit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RONAILE ELIANOR requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
August 31, 2015

        /S/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

To:

Rosemary Nam, Esq.
New York City Law Department
100 Church Street
New York, New York 10007